FILED ___ ENTERED
LODGED ___ RECEIVED
DEC 22 2005   DJ
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

THE UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF WASHINGTON

CoStar Group, Inc.                    )
_____               )
_____               )
_____               )   No. MS5 207
                vs.                   )
Commercial Investment MLS             )   PRAECIPE
_____               )
_____               )

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

You will please _Issue one Subpoena pursuant to 17 USC §512(h) for production of documents by Commercial Investment MLS_

SUB ISS

_____
C. Sotelo   WSBA 31670
Signature
( ) Plaintiff   ( ) Defendant
Applicant

05-MC-00207-PRAE

# YARMUTH WILSDON CALFO PLLC
## ATTORNEYS AT LAW
SCOTT T. WILSDON  
DIRECT 206.516.3871  
wilsdon@yarmuth.com

THE IDX TOWER  
925 FOURTH AVENUE, SUITE 2500  
SEATTLE WASHINGTON 98104

T 206.516.3800  
F 206.516.3888  
www.yarmuth.com

December 22, 2005

Bruce Rifkin, Clerk  
United States District Court  
215 U.S. Courthouse  
1010 Fifth Avenue  
Seattle, WA 98104

MS5 207

_____ FILED _____ ENTERED  
_____ LODGED _____ RECEIVED

DEC 22 2005     DJ

AT SEATTLE  
CLERK U.S. DISTRICT COURT  
WESTERN DISTRICT OF WASHINGTON  
BY _____ DEPUTY

Re:  Subpoena Request

Dear Mr. Rifkin:

We represent CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar"). We are writing to obtain a subpoena issued by the Clerk of this Court pursuant to 17 U.S.C. § 512(h).

CoStar is the leading provider of information services to commercial real estate professionals in the United States. CoStar's suite of services offers customers access via the Internet to the most comprehensive databases of information about commercial real estate.

A critically important part of CoStar's database services are its photographs. CoStar photographers travel to and take pictures of commercial properties in markets throughout the United States. Under the Copyright Act and the terms of its license agreements with its customers, those who access CoStar's photographs are prohibited from posting them on or otherwise disseminating them through an Internet listing service. Unfortunately, CoStar's photographs are too often copied in this manner in violation of the Copyright Act.

In particular, individuals gain access to CoStar's website, download copies of the photographs and then upload them onto the websites of competing real estate listing services. Others then download CoStar's photographs, also without authorization. Once they have been unlawfully copied onto competing websites, CoStar's photographs are then re-copied and re-disseminated (over and over) without authorization. The harm to CoStar is enormous.

We have uncovered a number of CoStar's photographs that have been unlawfully copied onto a website, www.CIMLS.com (CIMLS). CIMLS is a real estate listing service. Users upload photographs to CIMLS's servers, which are then downloaded and used by others.

CoStar recently sent CIMLS a notification demanding that it take down 15 infringing photographs stored on its website. We believe that CIMLS has information concerning the identities of the

individuals who are unlawfully copying CoStar photographs. Under the Digital Millennium Copyright Act of 1998 ("DMCA"), CIMLS must provide this information in response to a subpoena issued pursuant to 17 U.S.C. § 512(h).

Pursuant to 17 U.S.C. § 512(h), a copyright owner or its agent may obtain a subpoena ("DMCA subpoena") from the Clerk of any United States District Court for the purpose of seeking the identity of an alleged copyright infringer. Section 512(h)(4) provides that "the clerk shall expeditiously issue and sign the proposed subpoena" upon presentation of three documents in proper form: 1) a DMCA notice of copyright infringement, § 512(h)(2)(A); 2) a proposed subpoena, § 512(h)(2)(B); and 3) a sworn declaration meeting the requirements of § 512(h)(2)(C).

On behalf of CoStar, we are seeking to obtain a DMCA subpoena, issued by the Clerk of this Court, to serve on CIMLS to learn the identities of the individuals that have infringed CoStar's copyrights. With this letter, we are providing a notification that complies with the DMCA, a proposed subpoena, and a declaration satisfying the requirements of the DMCA.

The accompanying DMCA notification specifies the list of CoStar's photographs that are the subject of infringing activity on CIMLS's website, identifies the allegedly infringing material to be removed, and provides CIMLS with information sufficient to locate the material. CoStar has previously provided this information to CIMLS, as well as additional documentation concerning CoStar's copyrighted photographs. Also as required by the DMCA, the declaration attests, on penalty of perjury, that the purpose of the subpoena is to obtain the identity of an alleged copyright infringer and that information obtained in response to the subpoena will be used only to protect rights under the Copyright Act.

We request that the Clerk's office issue this subpoena as soon as possible. If you have any questions, please do not hesitate to call me or my associate Seth Wilkinson at (206) 516-3800.

Sincerely,

*C. Setter for*
Scott T. Wilsdon

STW:csw



LII / Legal Information Institute

FILED _____ ENTERED
LODGED _____ RECEIVED

DEC 22 2005  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

# U.S. Code collection

### § 512. Limitations on liability relating to material online

*Release date: 2005-08-01*

Prev | Next

**(a) Transitory Digital Network Communications.—** A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider's transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections, if—

> **(1)** the transmission of the material was initiated by or at the direction of a person other than the service provider;

> **(2)** the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;

> **(3)** the service provider does not select the recipients of the material except as an automatic response to the request of another person;

> **(4)** no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and

> **(5)** the material is transmitted through the system or network without modification of its content.

**(b) System Caching.—**

> **(1) Limitation on liability.—** A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the intermediate and temporary storage of material on a system or network controlled or operated by or for the service provider in a case in which—

>> **(A)** the material is made available online by a person other than the service provider;

>> **(B)** the material is transmitted from the person described in subparagraph (A) through the system or network to a person other than the person described in subparagraph (A) at the

Search
this title:

Notes
Updates
Parallel
authorities
(CFR)
Your
comments

(C) replaces the removed material and ceases disabling access to it not less than 10, nor more than 14, business days following receipt of the counter notice, unless its designated agent first receives notice from the person who submitted the notification under subsection (c)(1)(C) that such person has filed an action seeking a court order to restrain the subscriber from engaging in infringing activity relating to the material on the service provider's system or network.

**(3) Contents of counter notification.—** To be effective under this subsection, a counter notification must be a written communication provided to the service provider's designated agent that includes substantially the following:

(A) A physical or electronic signature of the subscriber.

(B) Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or access to it was disabled.

(C) A statement under penalty of perjury that the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.

(D) The subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.

**(4) Limitation on other liability.—** A service provider's compliance with paragraph (2) shall not subject the service provider to liability for copyright infringement with respect to the material identified in the notice provided under subsection (c)(1)(C).

**(h) Subpoena To Identify Infringer.—**

**(1) Request.—** A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

**(2) Contents of request.—** The request may be made by filing with the clerk—

(A) a copy of a notification described in subsection (c)(3)(A);

(B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

CoStar Group, Inc.  
CoStar Realty Information Group  
             v.  
Commercial Investment MLS (CIMLS)

**SUBPOENA IN A CIVIL CASE**

Case Number:

# MS5 207

TO: Commercial Investment MLS (CIMLS)  
14105 NE 31st Court  
Vancouver, WA 98686  
Attn: Izad Khormaee

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Information sufficient to identify the individual(s) infringing CoStar's copyrights in photographs listed in the accompanying DMCA notification by uploading or downloading CoStar's photographs, as specified in Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Yarmuth Wilsdon Calfo, PLLC Attn. Scott Wilsdon 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104, or a mutually agreeable venue | January 6, 2006 |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **BRUCE RIFKIN** | DEC 2 2 2005 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

For each of the CoStar photographs which were previously identified in a notification sent by letter on December 6, 2005, and which are listed in the accompanying DMCA notification, you are directed to expeditiously provide information sufficient to identify the individual(s) who have infringed CoStar's copyrights by uploading or downloading the photograph.

For purposes of this subpoena "uploading" shall mean posting, submitting, providing, transmitting or copying to CIMLS, the CIMLS listing service or www.CIMLS.com. "Downloading" shall mean copying, transferring, or obtaining from any server owned or operated by CIMLS a digital copy of one or more of CoStar's photographs.

For each individual identified, you are directed to identify the photograph infringed, to specify whether they have uploaded and/or downloaded the photograph, and to provide identifying information in CIMLS's possession, including, but not limited to, name, employer, address, telephone number, and email address.

# DECLARATION OF JONATHAN COLEMAN

BETHESDA, MARYLAND )
)
)

I, Jonathan Coleman, the undersigned, declare that:

1. I am the General Counsel of CoStar Group, Inc. (CoStar). I am authorized to act on CoStar's behalf in matters involving the infringement of its copyrights.

2. CoStar is requesting the attached proposed subpoena to Commercial Investment MLS ("CIMLS") to disclose the identities of individuals unlawfully copying (by uploading or downloading) CoStar's copyrighted photographs to and from CIMLS's website.

3. The purpose for which this subpoena is sought is to obtain the identity of the individuals infringing CoStar's copyrights. This information will only be used for the purpose of protecting the rights granted to CoStar under the Copyright Act.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information or belief.

Executed in Bethesda, Maryland on December 21, 2005.

_____
Jonathan Coleman

December 21, 2005



Jenner & Block LLP          Chicago
601 Thirteenth Street, NW   Dallas
Suite 1200 South            New York
Washington, DC 20005        Washington, DC
Tel 202-639-6000
www.jenner.com

Izad Khormaee
Director
Commercial Investment MLS (CIMLS)
14105 NE 31st Court
Vancouver, WA 98686

Thomas J. Perrelli
Tel 202 639-6004
Fax 202 661-4855
tperrelli@jenner.com

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 22 2005    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

MS5 207

Re: DMCA Notification of Copyright Infringement

Dear Mr. Khormaee,

This notification, which is to accompany a DMCA subpoena issued by the clerk of the United States District Court for the Western District of Washington, is a follow-up to the notification that we sent CIMLS on December 6, 2005, identifying 15 CoStar photographs that have been the subject of infringing activity on CIMLS's website and incorporates the December 6 notice by reference.

Attached to this notification is a list of the 15 photographs that are infringing. This list is identical to the list that you received with the December 6 letter and is provided to you for your convenience. The information in the attached both identifies the photographs that have been infringed and the specific CIMLS ID number identifying each infringing photograph on the website. If these photographs have not already been taken down from CIMLS's website, you must do so as soon as possible. In addition, CoStar is serving CIMLS with a DMCA subpoena issued by the clerk of the federal district court. Pursuant to that subpoena, issued under 17 U.S.C. § 512(h), CIMLS must expeditiously provide information in its possession to identify individuals who are infringing CoStar's copyrighted works.

I have a good faith belief that the above-described activity is not authorized by the copyright owners, their agent, or the law. This notification is accurate and I state, under penalty of perjury, that I am authorized to act on behalf of CoStar.

Sincerely,

Thomas J. Perrelli

cc: Jonathan Coleman

Attachment

# LIST OF INFRINGMENTS

| | Property Address of Coster Photograph | City/State | CIMLS ID# |
|---|---|---|---|
| 1 | 16656-16664 Ventura Blvd. | Encino, CA 91436 | 1367 |
| 2 | 16500 Ventura Blvd. | Encino, CA 91436 | 1366 |
| 3 | 10 North Dearborn St. | Chicago, IL 60602 | 537 |
| 4 | 100 Staples Blvd. | Framingham, MA 01702 | 1301 |
| 5 | 14 Crosby Drive | Bedford, MA 01730 | 1300 |
| 6 | 1300 Parkwood Circle | Atlanta, GA 30339 | 1758 |
| 7 | 3100 Main Street | Kansas City, MO 64111 | 440 |
| 8 | 6306 Walnut | Kansas City, MO 64113 | 445 |
| 9 | 530 Davis Dr. | Morrisville, NC 27560 | 3612 |
| 10 | 13890 Braddock Road | Fairfax, VA 20121 | 708 |
| 11 | 14280 Park Meadow Drive | Chantilly, VA 20151 | 730 |
| 12 | 16027 Ventura Boulevard | Encino, CA 91436 | 1330 |
| 13 | 470 North Milwaukee | Chicago, IL 60610 | 542 |
| 14 | 770 North LaSalle | Chicago, IL 60610 | 543 |
| 15 | 4006 Washington | Kansas City, MO 64111 | 467 |